UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MAURICE THOMAS, | : | |
| | : | |
| Plaintiff, | : | 07 Civ. 1978 (SCR) |
| | : | |
| v. | : | |
| | : | |
| ATLANTIC EXPRESS CORP., NEW | : | |
| YORK CITY BOARD OF EDUCATION, and | : | |
| NATIONAL BROADCASTING COMPANY, | : | MEMORANDUM DECISION |
| | : | AND ORDER |
| Defendants, | : | |
| | : | |

**STEPHEN C. ROBINSON, United States District Judge.**

Maurice Thomas commenced this action against Atlantic Express Corp. ("Atlantic"), the

New York City Board of Education, and the National Broadcasting Company ("NBC"). Mr.

Thomas' Complaint asserts claims for breach of a collective bargaining agreement and violations

of due process. Atlantic has filed a motion to dismiss Mr. Thomas' Complaint, and that motion

is fully submitted. For the reasons set forth in this opinion, Atlantic's motion is granted.


**I**

**BACKGROUND**

This case is at the motion to dismiss stage, and therefore the Court assumes as true "all

material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d

129, 131 (2d Cir. 1998).

Mr. Thomas was employed as a bus driver by Atlantic and was a member of the

Amalgamated Transit Union Local 1181-1061 (the "Union"). Atlantic provides school bus

transportation services to the City of New York Department of Education. Mr. Thomas'

employment with Atlantic was governed by the collective bargaining agreement then in effect
between Atlantic and the Union.

On October 18, 2007, NBC featured a "special report" on school bus safety. During that
broadcast, NBC broadcast video of buses that had proceeded through red traffic lights without
stopping. One of these buses had been driven by Mr. Thomas. The day after NBC's report,
Atlantic hired two private investigators. Those investigators surveiled Mr. Thomas' bus and
reported that he had run three red lights, failed to post a "no sleeping children" sign on the bus'
rear window as required by the Board of Education, failed to activate the bus' marker lights, and
failed to use his signals when changing lanes.

On October 21, 2004, as a result of NBC's special report and Atlantic's independent
investigation, Mr. Thomas was summoned to the office of Charles Butera, Atlantic's general
manager, and Mr. Thomas was summarily fired. Mr. Thomas was not given notice, a hearing, or
any arbitral process. Subsequently, the Union requested that an arbitration hearing be held.

On February 9, 2005, an arbitration hearing was held, and Mr. Thomas appeared with the
assistance of counsel. The arbitrator viewed a videotape of NBC's special report as well as the
videotape made by Atlantic's investigators. On February 18, 2005, the arbitrator issued an
opinion and award concluding that Atlantic had just cause to discharge Mr. Thomas.
Specifically, the arbitrator found:

> Even if one were to believe that NBC would risk its reputation by
> deliberately falsifying or exaggerating reports of unsafe driving,
> and that is not a conclusion that is supported by any evidence or
> the Arbitrator's own experience, the NBC video shows that
> Thomas went through a red light as he made a right turn into the
> intersection and it was as convincing as a smoking gun. Even
> ignoring NBC surveillance, the Company's own surveillance video
> leaves no doubt in the Arbitrator's mind that Thomas went through
> at least two red lights and likely a third and had also failed to
> properly signal when changing lanes. The Company's conclusion

> that [Thomas] was an unsafe driver was supported by very
> convincing evidence and, accordingly, given the fact that such
> conduct was egregious, the Company had just cause to summarily
> dismiss him to protect New York City's school children and the
> public, if not also the Company's vehicles and reputation.

Opinion and Award of Arbitrator (Exh. B to the Declaration of Jeffrey D. Pollack ("Pollack

Decl.")) at 5.  Mr. Thomas did not move to vacate or otherwise challenge the arbitration award.

## II

## DISCUSSION

### A.  Standard of Review

A motion to dismiss must granted if the complaint "fail[s] to state a claim upon which

relief can be granted."  FED. R. CIV. P. 12(b)(6).  In deciding a motion to dismiss, a court must

"'accept as true the factual allegations made in the complaint and draw all inferences in favor of

the plaintiffs.'"  *Elektra Entm't Group, Inc. v. Barker*, 551 F. Supp. 2d 234, 238 (S.D.N.Y. 2008)

(quoting *Grandon v. Merril Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998)).  Ultimately, the

purpose of Rule 8 is "to give fair notice of a claim and the grounds upon which it rests so that the

opposing party may identify the nature of the case, respond to the complaint, and prepare for

trial."  *Id.* (internal quotation marks and citations omitted).

In *Bell Atlantic v. Twombly*, the Supreme Court held that, "[w]hile a complaint attacked

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."  127 S.

Ct. 1955, 1964-65 (2007).  A plaintiff therefore must include sufficient factual allegations to

"raise a right to relief above the speculative level," *id.* at 1965; that is, the plaintiff must allege

"enough facts to state a claim to relief that is plausible on its face," *id.* at 1974.  The Second

Circuit has explained that, in its view, "the Court is not requiring a universal standard of

heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges

a pleader to amplify a claim with some factual allegations in those contexts where such

amplification is needed to render a claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d

Cir. 2007).


### B. Mr. Thomas' Complaint Must Be Dismissed

Atlantic has moved to dismiss Mr. Thomas' due process and breach of contract claims.

In his opposition, Mr. Thomas failed to respond to Atlantic's argument that his due process claim

should be dismissed, and therefore that claim is deemed abandoned. *See Hanig v. Yorktown

Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 722-23 (S.D.N.Y. 2005) (collecting cases).

Atlantic claims that res judicata is dispositive of Mr. Thomas' claim that Atlantic

breached the collective bargaining agreement. To establish that a claim is precluded by res

judicata, a party must show that "(1) the previous action involved an adjudication on the merits;

(2) the previous action involved the parties or those in privy with them; and (3) the claims

asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v.

Freeman*, 266 F.3d 78, 91 (2d Cir. 2001). Arbitration judgments have the same res judicata

effect as judgments entered by the courts. *See id.* at 90. In this case, Mr. Thomas seeks redress

for Atlantic's termination of him in violation of the collective bargaining agreement then in

effect between Atlantic and the Union. That claim, contends Atlantic, is identical to the claim

that was resolved in the arbitration between Atlantic and Mr. Thomas.

In response, Mr. Thomas contends that the arbitration award cannot have res judicata

effect because it was invalid. The collective bargaining agreement between Atlantic and the

Union provided that "[t]here shall be no suspension or discharge of any employee without a hearing which shall be held within five (5) days after the incident occurs except in the case of drunkenness, drug abuse or stealing in which case such employee may be suspended pending a hearing." Collective Bargaining Agreement Between Local 1181-1061 A.T.U. A.F.L. C.I.O. (Exh. A to Pollack Decl.) at 3. Because it was undisputed during the arbitration that Mr. Thomas was discharged without this required hearing, Mr. Thomas contends that the arbitrator manifestly disregarded principles of contract law by ruling in favor of Atlantic.

The Court cannot accept Mr. Thomas' contention. A party may not collaterally attack an arbitration award. *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1086 (2d Cir. 1993) ("The procedures established by 9 U.S.C. §§ 10 and 12 are normally the exclusive remedy to challenge the results of an arbitration proceeding."); *see In re Robinson*, 326 F.3d 767, 771 (6th Cir. 2003) ("[O]nce an arbitrator has rendered a decision the award is binding on the parties unless they challenge the underlying contract to arbitrate to section 1 or avail themselves of the review provisions of sections 10 and 11."); *see also* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."). Mr. Thomas did not move to vacate the arbitration award within this time limitation, and he cannot now—more than three years after the award was filed—attack its validity in order to defeat Atlantic's res judicata defense. Consequently, Atlantic's motion to dismiss is granted, and Mr. Thomas' Complaint is dismissed.

07 Civ. 1978 (SCR)                                                                                     6

**Conclusion**

For the foregoing reasons, the Court grants Atlantic's motion to dismiss.  The Clerk of

the Court is directed to close docket entry number 5.

*It is so ordered.*

Dated: ___March 30___, 2009

White Plains, New York

                                        _____
                                              Stephen C. Robinson
                                          United States District Judge